IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| PINEHAVEN PLANTATION PROPERTIES, LLC, | : : : | |
| Plaintiff/ Counterclaim-Defendant, | : : : | |
| v. | : : | Case No. 1:12-cv-62 (WLS) |
| MOUNTCASTLE FAMILY LLC, | : : : | |
| Defendant/ Counterclaim-Plaintiff. | : : : | |
| _____ | : | |

## ORDER

Before the Court is Mountcastle Family LLC's Motion for Order Compelling Production of Documents Pursuant to Fed. R. Civ. P. 45(c)(2)(B)(i). (Doc. 46.) For the reasons that follow, the motion is **GRANTED in part** and **DENIED in part.**

### PROCEDURAL BACKGROUND

This case arises out of a lease between Pinehaven Plantation Properties (Pinehaven) and Mountcastle Family LLC (Mountcastle) concerning the use of the Blue Springs Plantation in Dougherty County, Georgia. Pinehaven contends that Mountcastle disrupted its quiet enjoyment of the Blue Springs Plantation by allowing family members and guests to hunt on the property and harass Pinehaven's guests. It seeks a judgment declaring the lease void. Mountcastle filed a counterclaim for operating expenses it claims are past due and owed to it under an Operating Agreement.

The matter is before the Court on a Motion to Compel Documents Pursuant to Fed. R. Civ. P. 45(c)(2)(B)(i). In the motion, Mountcastle has moved for a Court order

requiring non-parties Phillip Robert Green and his company, Seminole Wildlife Services, LLC (SWS), to produce documents requested in four subpoenas. Altogether, the subpoenas demand documents pertaining to Green and SWS's business relationship with Pinehaven's sole member, Thomas Weller—through him and his other company, Lake Seminole Club, Inc.—in addition to SWS's employment records for the years involved in this litigation.

According to Mountcastle, these documents are relevant because Pinehaven disclosed Green as a potential witness in its initial disclosures to support its case in chief. In particular, Green apparently can testify about how Mountcastle interfered with Pinehaven's hunting rights. So Mountcastle contends that evidence of Green's and SWS's business and financial dealings with Pinehaven's sole member go to a witness's potential bias.

Green and SWS oppose the subpoenas. They contend Pinehaven already disclosed communications between it and Green concerning the Blue Springs Plantation. The only remaining documents arguably responsive to the subpoenas are various employment records and an agreement between SWS and LSC to perform hunting and plantation management services, which preexisted the Pinehaven-Mountcastle lease and does not concern that property.[1] Green and SWS contend that, to the extent those documents go to bias, Mountcastle is free to use less intrusive methods to establish bias, such as party stipulations.

## DISCUSSION

Mountcastle is entitled to the LSC agreement but not Green and SWS's employment records. Under the Federal Rules of Civil Procedure, discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 27(b)(1). "Relevant information need not be admissible at the trial if the discovery ap-

---

[1] Defense counsel has represented in briefing and in communication with plaintiff's counsel that the only documents that exist responsive to the subpoenas are the LSC agreement and the employment records. Mountcastle did not reply to the response to oppose this position. Therefore, the Court addresses only those two sets of documents.

2

pears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Although the Federal Rules favor liberal discovery, *Adkins v. Christie*, 488 F.3d 1324, 1331 (11th Cir. 2007), district courts have broad discretion to limit discovery where the information sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," Fed. R. Civ. P. 26(b)(2)(C). In short, a district court may limit discovery when the burden of compliance outweighs its likely benefit or relevance. *Cent. Ga. Anesthesia Servs., P.C. v. Equitable Assurance Soc'y of U.S.*, No. 5:06-cv-25 (CAR), 2007 WL 2128184, *2 (M.D. Ga. Jul. 25, 2007) (quoting Fed. R. Civ. P. 26(b)(2)(i) & (iii)).

Non-party status is a factor courts may consider when analyzing whether a subpoena is unduly burdensome. *E.g., Aeritas, LLC v. Delta Airlines, Inc.*, No. 1:13-cv-346-RWS-WEJ, 2013 WL 454452, at *2 (N.D. Ga. Feb. 7, 2013; *see also Zukoski v. Philadelphia Elec. Co.*, No, CIV. A. 93-4780, at *3 (E.D. Pa. Nov. 14, 1994) ("It is a generally accepted rule that standards for non-party discovery require a stronger showing of relevance than for party discovery."). The burden on the non-party is particularly great when the party issuing the subpoena seeks private information. *See Wheeles v. Human Res. Sys., Inc.*, 179 F.R.D. 635, 639 (S.D. Ala. Jun. 12, 1998). So, for example, even if the discovery may be relevant for impeachment purposes, the court may nonetheless limit non-party discovery when the information is available through less-intrusive avenues. *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, No. 07-22988-CIV, 2008 Wl 2645680, at *5 (S.D. Fla. Jun. 26, 2008) (citations omitted).

In this case, the Court is persuaded that the burden of requiring Green and SWS to produce employment records outweighs the marginal benefit of establishing bias. In the first place, Mountcastle has provided nothing more than speculation that the employment records will reveal information relevant to impeachment. And Mountcastle could have inquired into Green's and Weller's financial and business relationship through other discovery devices, such as depositions or interrogatories. Presumably, Weller himself would have been competent to fully disclose Green's activities on the

3

Blue Springs property. Therefore, the Court refuses to compel Green and SWS to produce private employment and tax records on the off chance such information will be relevant for impeachment, particularly because Mountcastle had other ways to get the information.

On the other hand, the Court will compel SWS to produce the LSC agreement. The LSC agreement may be more directly relevant to bias than the other requested documents, because it may show the extent of Weller and Green's business and financial relationship. Moreover, the burden or intrusiveness of producing the agreement is relatively minor. Green and SWS claim the agreement contains private information and LSC's proprietary information concerning hunting methods. But they have not provided anything other than argument to support these allegations.

## CONCLUSION

For those reasons, the motion to compel (Doc. 46) is **GRANTED in part** and **DENIED in part**: the motion is granted as to the LSC agreement and denied as to the employment records. Within **fourteen (14) days** from the entry of this Order, SWS and/or Green shall produce to defense counsel the LSC agreement.

**SO ORDERED**, this     19th     day of December, 2013.

　　　　　　　　　　　　　　　　　　　　　 /s/ W. Louis Sands
　　　　　　　　　　　　　　　　　　　　　**W. LOUIS SANDS, JUDGE**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**